

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*  *973/645-2700*
*Newark, NJ 07102*

DMC/JKH PL AGR
2012R00619

March 25, 2014

Michael N. Pedicini, Esq.
560 Main Street
Chatham, New Jersey 07928

Re: <u>Plea Agreement with Francisco Torrellas</u>
        12-CR-447 (CCC)

Dear Mr. Pedicini:

This letter sets forth the plea agreement between your client, FRANCISCO TORRELLAS, and the United States Attorney for the District of New Jersey ("this Office"). This offer will remain open until March 26, 2014 and, if an executed agreement is not received by this Office on or before that date, this offer will expire.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from FRANCISCO TORRELLAS, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to a Count Nine of the Superseding Indictment which charges FRANCISCO TORRELLAS with coercion and enticement of others to engage in prostitution, in violation of Title 18, United States Code Section 2422(a).

If FRANCISCO TORRELLAS enters a guilty plea and is **sentenced to 120 months'** imprisonment on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will dismiss the remaining counts in the Superseding Indictment in <u>United States v. Francisco Torrellas</u>, Crim. No. 12-447 (CCC), which charges violations of Title 18, United States Code Sections 371, 1512(b)(1) & (j), 1591(a)(1) & (c), 1952(a)(1) & (3), 2423(a) and 2, and will not initiate any further criminal charges against FRANCISCO TORRELLAS for the criminal activity charged in the Superseding Indictment.

However, in the event that a guilty plea in this matter

is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, FRANCISCO TORRELLAS agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by FRANCISCO TORRELLAS may be commenced against him, notwithstanding the expiration of the limitations period after FRANCISCO TORRELLAS signs the agreement

Should the Court at any time reject the plea under Federal Rule of Criminal Procedure 11(c)(1)(C) or act contrary to its terms, either party may elect to be relieved of the terms of this plea and the parties will be returned to the status prior to the entry of the plea. This Office will advise the Court and the Probation Department of information related to sentencing, and such information may be used by the Court in determining FRANCISCO TORRELLAS's sentence.

Sentencing

The violation of 18 U.S.C. § 2422(a) to which FRANCISCO TORRELLAS agrees to plead guilty carries a maximum prison sentence of 20 years. Further, the sentencing judge may order FRANCISCO TORRELLAS to pay restitution to pursuant to 18 U.S.C. § 3663. The violation carries a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the Court may be subject to the payment of interest.

Further, in addition to imposing any other penalty on FRANCISCO TORRELLAS, the sentencing judge: (1) will order FRANCISCO TORRELLAS to pay an assessment of $100, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order FRANCISCO TORRELLAS, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (3) must order forfeiture, pursuant to 18 U.S.C. § 2253; (4) will order FRANCISCO TORRELLAS, pursuant to the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. 109-248, §§ 113-115, 120 Stat. 587, 593-95 (July 27, 2006), to comply with any applicable sex offender registration requirement in New Jersey, and in each jurisdiction where FRANCISCO TORRELLAS resides, is employed, or is a student; and (5) pursuant to 18 U.S.C. § 3583, must require FRANCISCO TORRELLAS to serve a five year term of supervised release, which will begin at the expiration of any term of imprisonment imposed. Should FRANCISCO TORRELLAS be placed on a term of supervised release and subsequently violate any of the conditions of

supervised release before the expiration of its term, FRANCISCO TORRELLAS may be sentenced to at least 5 years' imprisonment under 18 U.S.C. § 3583(k), in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office and FRANCISCO TORRELLAS agree that a specific sentence of 120 months' incarceration and a five year term of supervised release is the appropriate disposition of this case. Accordingly, if the Court accepts this plea agreement, FRANCISCO TORRELLAS will be sentenced to 120 months' incarceration and a five year term of supervised release.

Rights of This Office Regarding Sentencing

This Office reserves its right to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of FRANCISCO TORRELLAS's activities and relevant conduct with respect to this case.

Stipulations

This Office and FRANCISCO TORRELLAS agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. These stipulations are offered as recommendations to the Court pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and binds the Court once, and if, the Court accepts the plea agreement. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or FRANCISCO TORRELLAS from any other portion of this agreement, including any other stipulation. If the sentencing court

rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the Court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, FRANCISCO TORRELLAS knowingly and voluntarily waives the right to file any appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the conviction or sentence imposed by the Court if the plea is accepted and the sentence is imposed in accordance with the terms of this agreement. This Office will not file any appeal, motion or writ which challenges the conviction or sentence imposed by the Court if that sentence is imposed in accordance with the terms of this agreement. Furthermore, if the Court accepts the terms of this plea agreement, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the Court erred in doing so.

Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraphs and to file or to oppose any appeal, collateral attack, writ or motion not barred by the proceeding paragraphs.

Forfeiture

FRANCISCO TORRELLAS agrees that as part of his acceptance of responsibility FRANCISCO TORRELLAS will forfeit to the United States any and all right, title, and interest in the following specific property, pursuant to 18 U.S.C. § 2428 ("the Forfeitable Property"):

(1)     Black Ford Expedition; and

(2)     White iPhone 4S

All right, title, and interest in the Forfeitable Property, and all proceeds traceable thereto, shall be transferred or delivered to the United States Marshals Service on or before the date FRANCISCO TORRELLAS enters his plea of guilty pursuant to this agreement.

FRANCISCO TORRELLAS further agrees to waive all interest in the Forfeitable Property in any administrative or judicial

forfeiture proceeding, whether criminal or civil, state or federal. FRANCISCO TORRELLAS agrees to consent to the entry of orders of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. FRANCISCO TORRELLAS understands that the forfeiture of Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

FRANCISCO TORRELLAS hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Registration Consequences

FRANCISCO TORRELLAS understands that his guilty plea to the charged offense will likely result in a requirement that he register as a sex offender under federal and state law, and he will be subject to the registration law's requirements and penalties. FRANCISCO TORRELLAS wants and agrees to plead guilty to the charged offense regardless of any registration consequences of that plea. FRANCISCO TORRELLAS understands that he is bound by his guilty plea regardless of any registration consequences of the plea. Accordingly, FRANCISCO TORRELLAS waives any and all challenges to his guilty plea and to his sentence based on any registration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any registration consequences of his guilty plea.

Immigration Consequences

FRANCISCO TORRELLAS understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. FRANCISCO TORRELLAS understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. FRANCISCO TORRELLAS wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. FRANCISCO TORRELLAS understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, FRANCISCO

TORRELLAS waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

<u>Other Provisions</u>

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against FRANCISCO TORRELLAS. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against FRANCISCO TORRELLAS.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between FRANCISCO TORRELLAS and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: Danielle M. Corcione
    Assistant U.S. Attorney

APPROVED:

David Malagold
Chief, Organized Crime / Gangs Unit

I have received this letter from my attorney, Michael N. Pedicini, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences, as well as the impact Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____                Date: 3/26/14
FRANCISCO TORRELLLAS


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences, as well as the impact Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____                Date: 3/26/14
Michael N. Pedicini, Esq.

- 8 -

Plea Agreement With FRANCISCO TORRELLAS

Schedule A

1. This Office and FRANCISCO TORRELLAS recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and FRANCISCO TORRELLAS nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence FRANCISCO TORRELLAS to a sentence of 120 months' imprisonment and a five year term of supervised release pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

2. This Office and FRANCISCO TORRELLAS agree to stipulate to the following facts:

 a. In or about May 2012, in the District of New Jersey, and elsewhere, FRANCISCO TORRELLAS, did knowingly transport an individual who has not attained the age of 18 years in interstate or foreign commerce, with the intent that the individual engage in prostitution.

 b. From in or about May 2012 through in or about October 2013, FRANCISCO TORRELLAS knowingly persuaded, induced, enticed and coerced others to travel in interstate commerce to engage in prostitution.

3. In accordance with the above, and pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree that a sentence of 120 months' imprisonment and a five year term of supervised release for the charge contained in the Information is reasonable taking into account all of the 18 U.S.C. § 3553(a), and neither party will argue for a sentence above or below 120 months' imprisonment. Furthermore, should the Court reject this agreement, either party may elect to be relieved of the terms of this plea and the parties will be returned to the status prior to the entry of the plea.

4. FRANCISCO TORRELLAS knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the conviction or sentence imposed by the Court if the plea is accepted and the sentence imposed in accordance with the terms of this agreement. This Office will not file any appeal, motion or writ which challenges the conviction or sentence imposed by the Court if the sentence is imposed in accordance with the terms of this agreement. Furthermore, if the Court accepts the stipulations set forth in Schedule A, both parties waive the right to file an

appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

    5. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraphs.